STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

TWIN LAKES GOLF CLUB, INC., et al.,
on exceptions of John Eibert, Jr., et
al., Defendants-Respondents.

No. 56471.

Supreme Court of Missouri,
Division No. 1.

Sept. 20, 1971.

Robert L. Hyder, Jefferson City, Melvin, Englehart, St. Louis, for plaintiff-appellant.

Klutho & Cody, Edward C. Cody, St. Louis, for defendants-respondents.

HOLMAN, Presiding Judge.

This is a highway condemnation case involving residential property owned by defendants-respondents John and Sophie Eibert in St. Louis County. The commissioners awarded defendants $28,600 and exceptions thereto were filed by plaintiff and also by defendants. The subsequent circuit court trial resulted in a verdict and judgment for defendants in the sum of $35,000. Plaintiff appealed to the St. Louis Court of Appeals. That court, however, determined that the amount in dispute exceeded its jurisdictional limit and transferred the case to this court. See State ex rel. State Highway Commission v.

Twin Lakes Golf Club, Inc., Mo.App., 462 S.W.2d 171. We affirm.

The Eiberts have owned the property since 1941. It is a tract containing 3.7 acres with a frontage of 200 feet on Kennerly Road extending back 750 feet. The land taken for the highway right-of-way was 1.71 acres located in the center of the tract which left 1.03 acres on the front with .96 acre remaining at the rear. At the time of the taking, August 3, 1966, two residence buildings were located on the tract. There was a five-bedroom house on the front and a two-bedroom Lustron house located 200 feet to the rear of the main house. The smaller house was occupied by Mr. Eibert's parents and was located on the portion of the land taken for the highway. In regard to utilities, the property had electricity and county water. No sewers were available and therefore a septic tank was used. After the highway was constructed a chain link fence was built on the right-of-way line which was located about 15 feet from the rear of the main house. Mr. Eibert fixed the total value of the property at $85,000 before the taking and $39,000 after the taking which would result in damages in the amount of $46,000. Mr. Kunstler, an expert called by the defendants, fixed valuations before and after the taking which indicated damages in the amount of $34,500. Mr. Eibert valued the land at $12,000 an acre and Mr. Kunstler fixed its value at $7,500 an acre.

The plaintiff called three expert witnesses who testified to net damages in the amounts of $21,750, $20,600, and $19,900.

■ The first point raised on appeal is that the trial court erred in admitting testimony as to the sale price of certain lots in Daybreak Estates. The second point briefed is that the court erred in refusing to strike said testimony upon motion of plaintiff. These points will be considered together. Mr. Stumpf, a real estate broker and developer, testified for defendants concerning the sale price of a number of lots in Daybreak Estates which were located

one-fourth mile from defendants' land. Four of the lots were approximately one acre in size and sold for prices ranging from $11,500 to $14,000. One lot which contained almost two acres had sold for $26,500. Four of the sales occurred in the fall of 1965 and one was in September 1967. The zoning and utilities available were approximately the same as those relating to defendants' property, except that the lots in Daybreak had sewers available.

We have concluded that the court did not err in admitting the evidence complained of. The applicable rule is that "[E]vidence of the sale price of property similarly located to that involved, and made in the neighborhood reasonably near the time of the taking, is admissible to aid the triers of fact in determining the compensation to which the owner is entitled for the taking of his property. * * * The importance of evidence of the sale price of other land depends upon the degree of nearness of the sale in point of time and the proximity of the property, of the similarity in location, and in the use to which the property may be adaptable. In determining the admissibility of evidence of this nature there necessarily must be considerable discretion on the part of the trial judge." In re Armory Site in Kansas City, Mo.Sup., 282 S.W.2d 464, 473. While the properties in question were not precisely comparable they were sufficiently similar to make the evidence admissible. Defendants' land and the lots in Daybreak were located in close proximity, were suited for single family residences, and had substantially the same utilities. Defendants' tract was not quite as level as the other lots and had not been platted. However, under the applicable zoning, only three or four houses could have been built on defendants' tract and two had already been constructed so that it would be very comparable in use to a platted subdivision.

■ This question was considered in Nichols, Eminent Domain, 3rd Ed., Vol. 5, § 21.31 [3], wherein it is stated: "As no two lots of land are exactly alike, a ruling

of the court that evidence of the price of one is admissible as tending to show the value of the other merely establishes for the purposes of the trial the fact that the similarity is sufficiently great to make the evidence helpful, and such a ruling does not preclude the introduction of evidence pointing out the differences between the two parcels, or prevent the owner from showing, if he can, the superiority of his own land to that set up as a criterion by the condemnor, or a corresponding explanation upon the other side. It is even competent for a party who has himself offered a sale in evidence to point out the difference between the two estates, to his own advantage, for the purpose of giving the evidence its true value, if it can be done without embarrassing the case with collateral issues. It has been held, however, that matters which show such dissimilarity go only to the weight rather than to the competency of the evidence." As has been indicated, it is almost impossible to find properties that are exactly alike. Therefore, the rule is that if the trial court, in its discretion, determines that the property involved in the sale is sufficiently similar, so that evidence of the sale price will be of assistance to the jury, it should be admitted and the dissimilarities may be considered by the jury in determining the weight to be given the evidence. See State ex rel. State Highway Comm. v. Koberna, Mo.Sup., 396 S.W.2d 654 [8, 9, 10]. Since we have ruled that the court properly admitted the evidence in question it is apparent that the court did not err in refusing to strike the testimony as contended by plaintiff in its second point.

The final point briefed is that "the verdict of the jury in the sum of $35,000 was excessive and against the greater weight of the credible evidence." The statement that the verdict is against the greater weight of the credible evidence presents nothing for review because appellate courts do not weigh the evidence in a case tried before a jury. State ex rel. State Highway Comm. v. Hamel, Mo.Sup.,

404 S.W.2d 736 [3, 4]. The point that the verdict is excessive is based upon the contention that the testimony of the owner that the property was damaged to the extent of $46,000 was not entitled to probative force and would not support the verdict. There is no merit in that contention. An owner of property is qualified to give an opinion as to its value even though he is not shown to be a real estate expert. Shelby County R-IV School Dist. v. Herman, Mo.Sup., 392 S.W.2d 609 [7]; State ex rel. State Highway Comm. v. Northeast Building Co., Mo.Sup., 421 S.W.2d 297 [3]. Moreover, defendants' expert fixed the damages at $34,500 which was almost as much as the verdict. There was considerable difference between the estimates of the witnesses for plaintiff and those of defendants, but that is no justifiable basis for us to disturb the verdict, State ex rel. v. Koberna, supra [28], and it was the prerogative of the jury to resolve the evidentiary conflicts as to values and damages. Since the verdict was within the range of the competent evidence and therefore supported by substantial evidence we see no basis for the contention that it was excessive.

The judgment is affirmed.

All concur.