Helen SIEDLER, Plaintiff-Respondent,

v.

TAMAR REALTY COMPANY, Defendant-Appellant.

No. 34503.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 13, 1973.

2. Laws of 1967, p. 663, § 1.

Gregory D. O'Shea, St. Louis, for defendant-appellant.

C. Wm. Weier, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for plaintiff-respondent.

KELLY, Judge.

This is an appeal from a judgment on a jury verdict of $2500.00 arising out of a suit for commissions allegedly due on the sale of certain real estate known as Rosewood Subdivision and situated in Jefferson County, Missouri. Helen Siedler, Plaintiff-Respondent (hereinafter referred to as plaintiff) sued Tamar Realty Company, Defendant-Appellant (hereinafter referred to as defendant) for a commission earned in the sale of a large tract of subdivision property belonging to the defendant to a Mr. Mullins late in 1966. The commission was contingent upon Mr. Mullins retiring certain outstanding deeds of trust he assumed as part of the purchase price at the time of the sale. Sometime in 1969 the deeds of trust were retired but no commission was paid to the plaintiff then or at any time thereafter. The agreement for commission upon which plaintiff brought her action was oral and had never been reduced to writing.

Defendant, on appeal, contends that the trial court erred in three respects which entitle it to a reversal of the judgment and a remand for a new trial.

Defendant's first allegation of error is that the trial court erred in failing to grant its motion for mistrial since plaintiff's amendment to her original petition completely changed plaintiff's theory of her cause of action and completely disrupted appellant's affirmative defenses.

Defendant's complaint is based upon the trial court permitting plaintiff to amend her petition while the plaintiff's opening statement was being made after the jury had been sworn to try the cause. Plaintiff's amendment to her petition alleged that she was a licensed real estate saleswoman. When request was made for leave to amend plaintiff's petition in this respect, defendant's counsel objected and moved for a mistrial. The amendment was permitted, the objection overruled and the motion for mistrial denied.

■ Sections 339.150 and 339.160, V.A.M.S. provide that a broker cannot pay any part of a fee or commission for service rendered in buying and selling real estate to any person who is not a licensed real estate salesman or broker and, in an action to recover a commission for a sale of real estate, it must be alleged and proved that the person seeking the commission was a licensed broker or salesman at the time the cause of action accrued. Failure to allege and prove this statutory prerequisite is fatal unless the plaintiff proves that he or she comes within the exception to the general rule regarding an occasional sale. Gilbert v. Edwards, Mo.App., 276 S.W.2d 611, 617–619 (7–10).

■ A trial judge has broad discretion to permit amendments to pleadings at any stage of the proceedings, even after verdict. In order to convict the trial court of error in the exercise of this discretion, the party objecting must show that the presentation of his case was prejudiced by the action of the trial court in permitting the amendment. While defendant's objection and request for mistrial was made "on the grounds of surprise" no request for a continuance to meet the issues raised by the amendment was made. Defendant's claim of surprise rings hollow since six days prior to trial plaintiff had, in answering interrogatories directed to her by the defendant, stated that she was a licensed real estate sales person at the time of this transaction, and the uncontradicted evidence is that plaintiff sold real estate for the defendant for a number of years and was paid commission on said sales. Plaintiff's cause of action was in contract both prior and subsequent to the amendment permitted; the amendment supplied a sine qua non without which she would have been barred from recovery by act of law, and the viable issue in the case was wheth-

er a contract for commission for sale of the real estate had been entered into. We would not encourage the practice of waiting until trial is commenced to offer amendments to the pleadings, but the Rules of procedure provide that a party may amend his pleading at any time by leave of court and that such leave should be freely given when justice so requires. Rule 55.-53, V.A.M.R. We find no prejudicial error in the trial court's conduct in this respect.

Defendant's second contention is that the trial court erred in admitting evidence concerning transactions between plaintiff and one Thomas Wohlschlaeger because the testimony was "self-serving hearsay" and plaintiff did not establish a proper foundation to qualify such evidence as admissions against interest.

Mr. Wohlschlaeger was, by his own admission, the President of the defendant corporation at all relevant times. Plaintiff presented her case through the testimony of three witnesses. She testified in her own behalf and also called Mr. Schaller and Mr. Wohlschlaeger. Plaintiff and Mr. Schaller offered testimony relative to the agreement; Mr. Wohlschlaeger denied any agreement to pay a commission. Defendant is a corporate entity and can therefore conduct the business of the corporation only through agents or employees. Defendant's complaint is that the plaintiff was permitted to testify to conversation concerning agreements allegedly made on behalf of the defendant with Mr. Wohlschlaeger, without first laying a foundation concerning Mr. Wohlschlaeger's status with the company except her own statement that he was president.

■ The general rule with regard to admissibility of an agent's statements is set forth in 29 Am.Jur.2d, Evidence, Sec. 663, p. 715, as follows:

"The existence of an agency must be established at least prima facie, before the declarations of an agent may be proved against the principal, except in a case where the statement may be admissible under the general rules of evidence without reference to the status of the declarant as an agent. The burden of proof lies upon the party who introduces the statements of an agent for the purpose of binding the principal, to show that the declarations were within the agent's authority. The fact of agency need not be proved by direct evidence, or by writing, but may rest in inference from facts and circumstances and the conduct of the parties."

In defendant's application for change of venue, Mr. Wohlschlaeger, under oath states that he is the president of the defendant corporation. In his direct examination when called as a witness in the plaintiff's case he testified that he was president of the defendant corporation since 1963 when he purchased the majority of the stock of the Tarter Realty Company, defendant's predecessor. He further testified that he had to approve the commissions paid the sales persons employed by defendant. He also testified on direct examination that as president of the defendant corporation he had over-all supervision of production of the business, the closing of deals, arranging financing and directing salespeople in their work and educating them in salesmanship. He denied the making of the agreement upon which the plaintiff based her claim. And again in the defendant's case, on examination in chief, Mr. Wohlschlaeger testified that he was president of the defendant corporation in 1967 when the Rosewood Subdivision was sold to Mr. Mullins.

■ The trial court has considerable discretion with regard to the order in which testimony may be received in the trial of a lawsuit, and this discretion extends to admitting conditionally the statements of an agent, upon assurance that the fact of the agency will be established later in the course of the trial. 29 Am.Jur.2d, Evidence, Section 663, p. 715; Eisenbarger v. Wilhite, Mo.App., 238 S.W. 159, 163–164(7).

We hold that the evidence established prima facie that Mr. Wohlschlaeger was an agent of the defendant corporation who had the authority to determine the amount of the commissions to be paid sales persons in the lawful employment of the defendant, and this testimony was offered to prove up a disputed oral contract. All acts and declarations of parties which tend to establish or refute the existence of a contract, together with all of the facts connected with the history of the transaction and the surrounding circumstances are admissible testimony. Gibbons v. Chomeau & Engelland, Inc., 240 Mo.App., 41, 45, 210 S.W.2d 715, 717(2); 17A C.J.S. Contracts, Sec. 593, pp. 1156–1157.

Defendant's final contention of error is that the plaintiff's verdict directing instruction—Instruction No. 2—was erroneous. The attack is twofold: 1) the instruction is not an M.A.I. instruction, and 2) the instruction failed to hypothesize the fact that plaintiff was a licensed real estate saleswoman.

In defendant's motion for new trial, paragraph 4, he complains:

"4. The court erred in allowing plaintiff's verdict directing instruction on the grounds that the theory sought by plaintiff was not consistent with the evidence; that damages nor measure of damages were not properly in evidence in this case; that plaintiff's theory of recovery was predicated upon debt and not on any measure of damages as put forth in the evidence in question."

Rule 79.03, V.A.M.R. requires that in order to preserve allegations of error for review they must be presented in a motion for new trial. We hold that defendant's motion for new trial does not call to the attention of the trial court the errors presented to this court on appeal and we will not, therefore, consider them. Vinyard v. Vinyard Funeral Home, Inc., Mo.App., 435 S.W.2d 393(3, 6). Whether plaintiff was a licensed real estate saleswoman was not an issue in the trial of this case. Both plaintiff and Mr. Wohlschlaeger testified to this fact. It is not necessary that a verdict directing instruction require the jury to find an element of the case which is not in issue and conceded by the parties. Ratteree v. General Motors Corporation, Mo.App., 460 S.W.2d 309.

The judgment of the trial court is affirmed.

SMITH, P. J., SIMEONE, J., and WILLIAM M. TURPIN, Special Judge, concur.