**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**Ella Caroline BOPP et al., on Exceptions of Coyet L. Kelly et al., Defendants-Appellants.**

**No. 35547.**

Missouri Court of Appeals, St. Louis District, Division No. 3.

Nov. 12, 1974.

Newmark & Baris, St. Louis, Thomas L. Kelly, Manchester, for defendants-appellants.

Bruce A. Ring, Jefferson City, Richard E. Baker, Kirkwood, for plaintiff-respondent.

SIMEONE, Presiding Judge.

This is an appeal by the defendants-Kellys from a judgment entered on March 20, 1973, by the circuit court of St. Louis County following a jury verdict awarding defendants-Kellys the sum of $2,750.00 as compensation for the taking of certain property by the State Highway Commission and requiring the defendants to pay the difference plus interest between $2,750.00 and $8,000.00 which was awarded by the commissioners and withdrawn by the defendants on November 7, 1961 ($5,250.00 plus interest, or a total of $8,872.50).

On May 26, 1961, the State Highway Commission filed its petition for condemnation. The property of defendants was condemned and commissioners were appointed. The report of the commissioners was filed and an award was made in the amount of $8,000.00. This sum was paid into court on October 26, 1961, for and on behalf of the defendants. The defendants withdrew this amount on November 7, 1961, and exceptions to the award of the commissioners were taken by both parties.

Finally in 1973, trial was held on the defendants' exceptions. The principal witnesses were Coyet L. Kelly for the defendants-appellants and Tom McReynolds, an independent fee appraiser, for the highway commission. Kelly estimated the value of a residence located on the property which was without modern plumbing and was "functionally obsolescent as far as homes in this area at that time," at $7,200.00 or $7,742.00, depending upon the method used to calculate the value, and the value of the land at $4,575.00, or a total of $12,317.00 ($4,575.00 plus $7,742.00).

McReynolds, however, testified that the defendants' total loss as the result of the taking was $2,450.00 ($1,600 for the residence and $850 for the land). The jury rendered its verdict assessing defendants' damages at $2,750.00. The court entered judgment thereon, and ordered that the Highway Commission recover the excess of the commissioners' award ($8,000) and the jury verdict ($2,750.00) amounting to $5,250.00 plus interest from November 7, 1961, for a total sum of $8,872.50.

A motion for a new trial was filed and overruled. The defendants appealed contending that the trial court erred in refusing to grant them a new trial for the reason that "the verdict is so grossly inadequate that it is against the weight of the evidence and is the result of bias and prejudice of the jury."

We do not weigh the evidence in a case tried before a jury. The trial court is vested with an inherent and broad discretion in granting a new trial on the ground that the judgment is against the weight of the evidence. State v. Belvidere Development Company, 315 S.W.2d 781, 784 (Mo.1958); State ex rel. St. Hy. Com'n v. Twin Lakes Golf Cl., Inc., 470 S.W.2d 313, 315 (Mo.1971). It was the prerogative of the jurors to resolve the evidentiary conflicts as to values and damages, and to determine from all the evidence before them the just compensation to which defendants were entitled. Their assessment was supported by substantial evidence. The opinion of one qualified witness as to the extent of damages constitutes substantial evidence. State ex rel. State Highway Commission v. Eilers, 406 S.W.2d 567, 575 (Mo.1966). After their assessment of damages which was supported by substantial evidence, and which was within the range of the evidence, and after the trial court denied the motion for new trial in the exercise of its discretion determining the relative weight of the evidence, we have no right to reweigh the evidence or to disturb the verdict. State ex rel. State Highway Commission v. Grissom, 439 S.W.2d 13, 17 (Mo.App.1969); State ex rel. St. Hy. Com'n v. Twin Lakes Golf Cl., Inc., supra 470 S.W.2d at 315; State v. Hamel, 404 S.W.2d 736, 738 (Mo.1966).

We find that (1) the evidence in support of the jury verdict is not insufficient, (2) the verdict is not the result of bias and prejudice, (3) no error of law appears, (4) contentions made in the argument were not preserved, and (5) a lengthy opinion would have no precedential value. We therefore affirm the judgment. Rule 84.16, V.A.M.R.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.