Gary A. LAZANE, Appellant,

v.

John L. BEAN, D.O. and Liberty Emergency Physicians, Inc., Respondents.

No. WD 41763.

Missouri Court of Appeals, Western District.

Jan. 16, 1990.

James W. Jeans, Kansas City, for appellant.

Lloyd J. Bandy, Jr., Kansas City, for Liberty Emergency Physicians.

James F. Stigall, Kansas City, for Dr. John L. Bean, D.O.

Terry J. Brady, Kansas City, for New Liberty Hosp. Dist.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

This appeal arises out of an action for medical malpractice. Appellant, Gary A. Lazane, appeals a jury verdict against him and in favor of Respondents, Dr. John L. Bean and Liberty Emergency Physicians, Inc.

Gary A. Lazane and his wife, Sharon Lazane, initially filed suit on October 1, 1984, against Thomas H. Hendren, M.D. In their original petition the Lazanes alleged that Gary Lazane suffered personal injuries and that Sharon Lazane sustained damages for loss of services and consortium as the result of Dr. Hendren's negligent medical treatment.

On December 16, 1985, the Lazanes filed a First Amended Petition asserting additional claims against Dr. Hendren and adding the following parties as defendants: James R. Waltz, M.D. (then Dr. Hendren's partner); Westowne Surgical Services, Inc. (Dr. Hendren's professional corporation); John L. Bean, D.O.; Liberty Emergency Physicians, Inc.; New Liberty Hospital District, d/b/a Liberty Hospital; John Doe # 1 through John Doe # 10, a/k/a the Medical Staff of Liberty Hospital; the Board of Directors of Liberty Hospital; and Teresa Kim Hopkins. In their First Amended Petition the Lazanes sought damages from all defendants for personal injuries and loss of services.

On February 27, 1987, the trial court granted summary judgment against plaintiffs and in favor of defendants New Liberty Hospital District, d/b/a Liberty Hospital, the Board of Directors of Liberty Hospital, and John Doe # 1 through John Doe # 10, a/k/a the Medical Staff of Liberty Hospital. Appellant makes no claim of error in regard to this ruling. Thereafter the Lazanes dismissed their claims against defendants' Hendren, Waltz and Westowne Surgical Services, Inc. with prejudice. Sharon Lazane also dismissed her claims against the remaining defendants without prejudice.

On September 30, 1987, Gary Lazane filed a Second Amended Petition for Damages against John C. Bean, D.O., Liberty Emergency Physicians, Inc., and Teresa Kim Hopkins. In this petition, appellant incorporated by reference all the allegations of his First Amended Petition and added a count alleging punitive damages against respondent Bean.

Appellant filed a Third Amended Petition on September 13, 1988, against Bean and Liberty Emergency Physicians, Inc. In this petition appellant did not incorporate the allegations of his earlier petitions. Appellant's Third Amended Petition alleged that Bean had provided negligent medical care to him in his capacity as an emergency room physician and as an admitting physician, and that Liberty Emergency Physicians, Inc. was vicariously liable for Bean's actions as an emergency room physician. Trial on appellant's Third Amended Petition resulted a jury verdict against appellant.

Appellant's first point on appeal is that the trial court erred in allowing him to be cross-examined by the use of certain allegations contained in his abandoned pleadings. Appellant argues in his brief that he was cross-examined from allegations which asserted "that Dr. Hendren, a dismissed defendant, 'assumed responsibility' for the care and treatment of Gary Lazane from midnight until 8:00 a.m. the following morning."

Statements of fact contained in abandoned pleadings are admissible as admission against interest. *Carter v. Matthey Laundry & Dry Cleaning Co.*, 350 S.W.2d 786, 791 (Mo.1961); *DeShon v. St. Joseph Country Club*, 755 S.W.2d 265, 268 (Mo.App.1988). It has also been held that extra judicial admissions are competent evidence even though in the form of conclusions as to the ultimate fact in issue. *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 803 (Mo.App.1975). However, legal conclusions are not admissible as admissions against the pleader's interest. *Id.* In the *DeArmon* case the court held that the admission of an agency relationship, in a prior pleading, was admissible as an admission against interest.

The record reflects that appellant was cross-examined from the following allegations in his First Amended Petition:

Paragraph 34, "That on December 19, 1983, at approximately 12:05 a.m. Dr. Thomas H. Hendren assumed responsibility for the medical and surgical treatment of the plaintiff Gary Lazane."

Paragraph 37, "That at that time [12:05 a.m., December 19, 1983] the defendant Dr. Hendren made a preliminary diagnosis that the plaintiff Gary Lazane's condition represented an acute ruptured viscus."

Paragraph 39, "That the decision as to when or if surgery was to be performed upon the plaintiff Gary Lazane after the defendant Dr. Hendren was contacted by Dr. John L. Bean was the decision of Dr. Hendren."

Paragraph 40, "That the defendant Dr. Hendren assumed responsibility for all surgical decisions after approximately 12:05 a.m. on December 19, 1983, and any decision not to operate or call in a surgical staff immediately at that time was that of the defendant, Dr. Hendren."

The above referenced statements upon which appellant was cross-examined, were statements of fact and they were inconsistent with the claims appellant asserted in his Third Amended Petition. These statements constituted admissions against appellant's interest and their use to impeach appellant in cross-examination was proper.

Appellant's second point is that the trial court erred in excluding the deposition testimony of Dr. Frank Baker. Dr. Baker had been identified during pre-trial discovery as one of appellant's experts and his deposition was taken by counsel for respondents. Respondents argue that Dr. Baker's deposition was not admissible because he had no personal knowledge of the facts and his opinions were not based upon proper hypothetical questions.

■ The opinion of an expert witness must not be founded on mere assumption or surmise, but on facts within the expert's knowledge or upon hypothetical questions embracing proven facts. *Maples v.*

*Charles Burt Realtor, Inc.,* 690 S.W.2d 202, 213 (Mo.App.1985). Dr. Baker had no personal knowledge of the facts and there were no proper hypothetical questions asked of Dr. Baker in his deposition. The court was correct in not allowing the deposition in evidence.[1]

In his final point appellant argues that the trial court erred in instructing the jury that their verdict could be for appellant only if he had sustained damage as a direct result of Dr. Bean's negligence. The verdict directors submitted to the jury were offered by appellant.

Appellant's verdict director against Dr. Bean was in accordance with M.A.I. 21.01 and stated as follows:

Your verdict must be for the plaintiff and against defendant John L. Bean, D.O., if you believe:

First, defendant John L. Bean, D.O., abandoned his patient by failing to exercise medical judgment in evaluating the treatment plan of Dr. Hendren and failing to adequately follow his patient, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence plaintiff sustained damage.

Appellant's verdict director against Liberty Emergency Physicians, Inc., was in accordance with M.A.I. 21.01 and M.A.I. 37.05(1) and stated as follows:

In your verdict you must find defendant Liberty Emergency Physicians, Inc. responsible for any fault you assess to defendant John Bean, if you believe:

First, defendant John L. Bean, D.O., while acting within the scope and course of his employment with Liberty Emergency Physicians, Inc., abandoned his patient by failing to exercise medical judgment in evaluating the treatment plan of Dr. Hendren,

Second, defendant was thereby negligent, and,

---

**1.** It should be noted that the legislature has adopted a new law in regard to expert witnesses which modifies to some extent the use of hypothetical questions. *See* § 490.065, RSMo Cum. Supp.1989, (effective August 28, 1989). The trial of the case at bar was in January, 1989, before the effective date of the new statute.

Third, as a direct result of such negligence plaintiff sustained damage.

Appellant argues on appeal that the evidence established his injuries resulted from the acts and omissions of joint tortfeasors Dr. Bean and Dr. Hendren. Appellant argues that the jury should have been instructed in accordance with M.A.I. 19.01, the verdict directing modification for joint tortfeasors.

As stated previously, the verdict directors given were those offered by appellant. However, the record does reflect that before the instructions were read to the jury appellant made the following statement in regard to the instructions:

THE COURT: Anything further?

COUNSEL FOR APPELLANT: Yes, Your Honor. As we discussed in our instruction conference, the plaintiff feels that even though the court is obliged to give the MAI as it appears currently, that in a situation like this, even though we do not have another defendant°in this case—that is, Dr. Hendren—that there has been testimony from which the jury might very well conclude that his negligence contributed to cause this injury. Under the circumstances, it is my feeling, Your Honor—and I had indicated our intention to submit an instruction in which the phrase, "that the defendant Bean, either acting individually or as an agent of the Liberty Emergency Physicians, Inc.—that his negligence caused or directly contributed to cause the injury."

THE COURT: All right.

There was no record made of the instruction conference and appellant did not make any other requests in regard to the instructions. Appellant did not actually offer or request a specific instruction incorporating the language that he claims should have been used. Generally, a party may not complain of error in instructions it requested or in the failure of the court to give instructions not requested. *Sullivan v. KSD/KSD-TV*, 661 S.W.2d 49, 51 (Mo. App.1983).

In the case at bar the record reflects that appellant actually submitted specific written verdict directing instructions based upon M.A.I. 21.01 and later made a nonspecific oral statement that it was his intention to submit a different instruction. *Appellant made no M.A.I. reference* to the instruction that he said he intended to submit. Appellant never withdrew his verdict directors based upon M.A.I. 21.01 and never submitted the instruction that he now claims should have been given. Appellant's alleged instructional error was not properly preserved for review.

The judgment of the trial court is affirmed.

All concur.