James SPEARMAN, Jr., and James Spearman, Plaintiffs/Appellants,

v.

Adolph HOSKINS and Edward Koschner, Defendants/Respondents.

No. 57086.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1991.

Application to Transfer Denied
May 3, 1991.

Marc Steven Wallis, St. Louis, for plaintiffs/appellants.

Thomas Joseph Plunkert, St. Louis, for defendants/respondents.

CARL R. GAERTNER, Judge.

Plaintiffs appeal from a judgment in favor of defendants in a negligence action for personal injuries, suffered as a result of a trampoline accident during a school gym class, and subsequent medical expenses.

On January 6, 1977, plaintiff James Spearman, Jr., a ninth grade junior high school student, struck his head on the frame of a trampoline after attempting to execute a back flip during gym class. He suffered a compound depressed skull fracture.

The main factual dispute between the parties concerned whether or not the trampoline had pads at the time of the accident. Plaintiffs contend that the trampoline did not have protective pads on the frame. Defendants, two physical education teachers supervising the gym activities at the time of the accident, contend that proper pads protected the frame.

At trial, the court sustained defendants' motion in limine to prevent plaintiffs from reading a portion of defendants' deposition answers into evidence: "I take it the trampoline is dangerous without the pads on it?" Defendant's answer: "Yes." The court also sustained defendants' objections to certain questions on cross-examination: "Isn't it true that to jump on a trampoline without pads is dangerous?" and "[W]ould you agree that the trampoline is dangerous without the pads?"

The jury returned a verdict in favor of both defendants and against plaintiffs. Judgment was entered May 5, 1989. After the trial court denied plaintiffs' motion for new trial, plaintiffs filed a timely appeal.

■ On appeal, plaintiffs' sole contention is that the trial court erred when it excluded portions of defendants' deposition answers and limited cross-examination. They argue that the excluded evidence constitutes admissible admissions against interest by a party opponent. Defendants assert that plaintiffs improperly sought to employ defendants as expert witnesses to establish the standard of care.

■ An admission is a party's conscious, voluntary acknowledgement of certain facts that are relevant to the litigation and inconsistent with his contentions in the action. *United Services of America, Inc. v. Empire Bank of Springfield*, 726 S.W.2d 439, 444 (Mo.App.1987). See also: *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 642 (Mo. banc), cert. den. 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1987); *Albertson v. Wabash R. Co.*, 363 Mo. 696, 253 S.W.2d 184, 189 (1952); *Lazane v. Bean*, 782 S.W.2d 804, 805 (Mo.App.1990); *McClanahan v. Deere & Co.*, 648 S.W.2d 222, 228 (Mo.App.1983); *Mitchell Engineering Co., a Division of Ceco Corp. v. Summit Realty Co., Inc.*, 647 S.W.2d 130, 141 (Mo.App. 1982). An admission includes a party's "statements of fact or opinion, previously made, which conflict with the position taken by him in the judicial proceeding." *Carpenter v. Davis*, 435 S.W.2d 382, 384 (Mo. banc 1968).

Nothing in the excluded statements is inconsistent or in conflict with the trial testimony of the defendants. Defendant Koschner testified that for the safety of students he would make sure that a trampoline was equipped with good pads before permitting it to be used. Defendant Hoskins testified that for safety reasons he checked the trampoline before each class to make certain the pads were in place for the safety of the students. Plaintiffs' sustained no prejudice from the exclusion of the defendants' statements as they were merely corroborative of the defendants' trial testimony.

There was no dispute at trial concerning the danger of using a trampoline without protective padding; the dispute was whether the padding was or was not on the trampoline being used. Plaintiffs' attorney was attempting to require each defendant to assume the existence of a fact which each expressly denied as the basis for an opinion which was not in dispute. Such a tactic was condemned in *Baker v. Gordon*, 759 S.W.2d 87 (Mo.App.1988). "Placing a party in the position of assuming as true a fact which the party denies before asking his expert opinion causes an implicit acceptance and verification of the opponent's position and creates the perception that no further fact finding is necessary." *Id.* at 94.

We find no prejudicial error warranting reversal. Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.