**Sharon L. SILVEY, Appellant,**

v.

**CREDIT BUREAU OF GREATER
KANSAS CITY, INC., d/b/a CSC
Credit Services, Inc., Respondent.**

**No. WD 44059.**

Missouri Court of Appeals,
Western District.

Oct. 8, 1991.

Don Pierce, Robert D. Colley, St. Joseph, for appellant.

Walter J. Kennedy, Joseph M. Chiarelli, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

KENNEDY, Judge.

Plaintiff Sharon Silvey appeals from a judgment in favor of defendant in plaintiff's claim for damages against the Credit Bureau of Greater Kansas City. Plaintiff claimed Credit Bureau failed to include in its credit reports on plaintiff, plaintiff's explanation in amelioration of two judg-ments against her which were shown in the credit reports. She further claimed that this omission caused her to be denied credit by two prospective creditors.

Credit Bureau's credit reports on plaintiff showed two judgments against herself and her husband, one for $197 and another for $819. The Silveys' attorney in their behalf wrote to Credit Bureau, explaining that the respective judgments were in suits where the plaintiffs had claimed much larger amounts, the Silveys had contested the claims, and the respective judgments were for much less than the amounts claimed. Credit Bureau later issued credit reports on plaintiff which did not include plaintiff's explanation. The letter from the Silveys' attorney to the Credit Bureau was placed in Mr. Silvey's file, and in Mr. and Mrs. Silvey's joint file, but by inadvertence was not placed in Sharon Silvey's file.

Plaintiff claims the failure to include the explanation was in violation of section 1681i(c) of the Fair Credit Reporting Act. 15 U.S.C. § 1681i(c) (1988).

■ Plaintiff claims on appeal the court erred in overruling her motion for a directed verdict made after defendant's opening statement.

Credit Bureau's counsel's opening statement included the following, with reference to Credit Bureau's failure to put plaintiff's explanation in her file: "The problem was an oversight ... An innocent oversight did occur. We're going to explain to you how files are created and why it didn't get into her file. It did get into her husband's file. It did get into their joint file.... The lack of that statement did not cause any damage, did not cause any turndown. In fact, we're going to show through the evidence that she suffered no damage whatsoever...."

We are unable to say that Credit Bureau's counsel's opening statement was the kind of unequivocal admission of fact from which liability would follow as a matter of law. It was not, for example, of the character of counsel's admission in *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 799 (Mo.App.1975).

Counsel did not admit Credit Bureau's negligence, and specifically denied that the Credit Bureau's omission had caused plaintiff any damage. Negligence of defendant must be shown for a submissible case, as will be shown *infra*. Damage to plaintiff must also be shown. 15 U.S.C. § 1681*o* (1988); *Hauser v. Equifax, Inc.*, 602 F.2d 811, 816 (8th Cir.1979). Neither negligence nor damage was admitted.

Plaintiff complains next of the verdict directing instruction given by the court, in that the instruction required the jury to find that defendant was negligent in failing to note in its credit reports plaintiff's explanation about the judgments. Plaintiff says the court should have given her own tendered instruction, which did not require a finding of negligence.

A credit reporting agency is liable to the consumer for damages for its noncompliance with requirements of the Fair Credit Reporting Act, 15 U.S.C. section 1681 (1988), only if its noncompliance is willful, section 1681n, or negligent, section 1681o. There is of course no claim that defendant's omission to include plaintiff's explanation with its credit reports was willful. It was necessary that defendant's negligence be submitted by the verdict directing instruction, and the instruction correctly submitted that finding.

We do not reach the question, raised by defendant, whether plaintiff's evidence made a submissible case under the Fair Credit Reporting Act.

Judgment affirmed.