DOWD, P.J., and SMITH, J., concur.

**Jan KUEHLE, Plaintiff-Appellant,**

v.

**David PATRICK, Defendant-Respondent.**

**No. 45159.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 14, 1982.

Motion for Rehearing/Transfer to
Supreme Court Denied
Feb. 10, 1983.

Application to Transfer Denied
March 29, 1983.

John L. Cook, Cape Girardeau, for plaintiff-appellant.

James F. Waltz, Cape Girardeau, for defendant-respondent.

DOWD, Presiding Judge.

Plaintiff was injured while riding as a passenger on a snowmobile defendant was driving. In her personal injury suit against defendant, plaintiff obtained a jury verdict for $17,000. The trial court then granted defendant's motion for judgment in accordance with his motion for directed verdict "for the reason that the verdict is against the weight of the evidence and plaintiff failed to make a submissible case against defendant on the issue of negligence . . . ." The trial court further granted defendant's alternative motion for a new trial "on the grounds that the verdict is against the weight of the evidence and the giving of Instruction No. 5 was erroneous under the evidence presented . . . ." Plaintiff appeals the trial court's order.

We turn first to the trial court's action sustaining defendant's post-trial motion for judgment. In deciding whether the evidence was sufficient to make a submissible case against defendant, we must consider the evidence in the light most favorable to plaintiff, take her evidence as true if not entirely unreasonable or contrary to

physical facts, and give her the benefit of all reasonable inferences arising from the evidence. *Epple v. Western Auto Supply Co.,* 548 S.W.2d 535, 538 (Mo.banc 1977). We will reject all inferences unfavorable to plaintiff and disregard defendant's evidence unless it aids plaintiff's case. *Forbis v. Associated Wholesale Grocers, Inc.,* 513 S.W.2d 760, 763 (Mo.App.1974).

Late in the afternoon of February 8, 1980, defendant was operating a John Deere 800 snowmobile in an open field of approximately twenty acres. Plaintiff rode on the passenger seat behind him. This model snowmobile weighed 385 pounds without fuel or passengers. A gasoline engine turned a belt or track fifteen and one-half inches wide and about four feet long beneath the snowmobile. A pair of skis at the front with runner rods under them provided the means for maneuvering the machine. The six- to eight-inch snow cover was a good depth for stability. In the field stood a light pole with a steel support arm. The pole, arm, and ground formed a triangle. The ground upon which the pole stood had a slope of six and four-tenths percent.

After steering the snowmobile through a large figure eight pattern, defendant drove along the slope (i.e., with the ground uphill to the left and downhill to the right) toward the pole at a speed of approximately twenty miles per hour. The pole was clearly visible for more than one hundred yards and defendant was aware of it from a distance of at least one hundred feet. He could have changed his path away from the pole at that point, but he did not. At less than fifty feet from the pole, the snowmobile veered uphill to the left, deviating sufficiently from its previous path to have avoided the obstacle. At about twenty-five feet, the snowmobile angled downhill toward the space between the pole and its support arm and defendant called to plaintiff, "Duck." As the snowmobile surged through the opening, plaintiff attempted to avoid both the pole and the support arm by leaning back and turning her head to the right. The snowmobile and plaintiff's right shin struck the pole and plaintiff was thrown from the snowmobile.

■ We review the trial court's action sustaining defendant's post-trial motion for judgment only with reference to the sufficiency of the evidence on the issue plaintiff submitted to the jury. *Hammontree v. Edison Brothers Stores,* 270 S.W.2d 117, 124 (Mo.App.1954). Instruction No. 5, plaintiff's verdict director, submitted the issue of defendant's negligence using a modified MAI 17.04 as follows:

First, defendant knew or by the use of ordinary care could have known that there was a reasonable likelihood of collision in time thereafter to have swerved; but defendant failed to do so, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage.

■ Negligence is ordinarily an issue for the jury to decide. *Hammontree,* 270 S.W.2d at 124. Determination of whether the evidence is sufficient to submit the issue to the jury is a legal question and not a matter of judicial discretion. *Meyer v. Lanning,* 620 S.W.2d 34, 35 (Mo.App.1981). The trial court may not take the case from the jury unless the evidence is so strongly against plaintiff as to leave no room for reasonable minds to differ on the issues submitted. *Gregory v. Robinson,* 338 S.W.2d 88, 91 (Mo.banc 1960). "An issue should be submitted to the jury if there is any evidence which would justify recovery.... If reasonable minds can draw different conclusions from the facts, the questions of negligence and causation are for the jury and a directed verdict is not proper." *Woosley v. State Automobile Mutual Ins. Co.,* 600 S.W.2d 210, 213 (Mo.App.1980).

■ We believe that plaintiff made a submissible case on the issue of defendant's negligence. The jury could find from the

evidence that defendant drove the snowmobile toward a light pole in an open field and that a collision was likely if defendant did not turn away from the pole. It was a question of fact for the jury when the snowmobile was reasonably likely to collide with this stationary object or when defendant's obligation to swerve arose. The jury could reasonably conclude that plaintiff was injured because defendant was negligent in failing to swerve. The trial court therefore erred in directing a verdict for defendant and we reverse as to that part of the order.

We affirm, however, the trial court's ruling on defendant's alternative motion for new trial. One of the trial court's stated reasons for granting the motion was that "the verdict is against the weight of the evidence . . . ." Under Rule 78.02, a trial court has broad discretion to grant one new trial on that ground. *Kreutz v. Wolff,* 560 S.W.2d 271, 279 (Mo.App.1977). Such a ruling is presumptively correct, *id.,* and will not be disturbed on appeal where the evidence would support a verdict for the benefiting party. *Ogden v. Toth,* 542 S.W.2d 17, 24 (Mo.App.1976). Considering all the evidence in the case rather than only evidence favorable to plaintiff, the jury could have returned a verdict for defendant.

The order setting aside the verdict for plaintiff and granting judgment for defendant is reversed. The alternative order granting defendant's motion for new trial is affirmed.

SMITH and GAERTNER, JJ., concur.