Steve **CROOK** and Shirley Crook,
Plaintiff–Appellant,

v.

**SHEEHAN ENTERPRISES, INC.,**
Defendant–Respondent.

No. 51376.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 13, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 18, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Dallas W. Cox, St. Louis, for plaintiff-appellant.

John A. Michener, St. Louis, for defendant-respondent.

STEPHAN, Judge.

Plaintiffs in this action for trespass on real estate appeal from a circuit court order that enters judgment for defendant notwithstanding a $10,000.00 jury verdict in plaintiffs' favor and grants defendant a new trial in the event the judgment is reversed on appeal.[1] We reverse and remand with directions to reinstate the jury's verdict.

The circuit court granted defendant's motion for judgment n.o.v. on grounds that plaintiffs failed to adduce submissible evidence of trespass and resulting damages. On appeal, plaintiffs assert they made a submissible case against defendant and accordingly challenge the circuit court's action as reversible error.

To determine whether plaintiffs have made a submissible case, we must examine the record in the light most favorable to plaintiffs. *Kuehle v. Patrick*, 646 S.W.2d 845, 846 (Mo.App.1982). Thus, we accept

---

1. See Rule 72.01

plaintiffs' evidence as establishing what it asserts, unless what it asserts is inherently improbable or contrary to physical laws, and disregard defendant's evidence unless it aids plaintiffs' case. *Id.* at 846–847.

Plaintiffs' evidence, taken as true, establishes the following: In October 1980, defendant's employee, Gary Sheehan, was loading debris from a renovation project into a dump truck using the shovel of a seven-and-a-half ton backhoe. The dump truck was parked in a public alley behind plaintiffs' residence. Plaintiffs' backyard, from their back porch to the alley, is an asphalt-covered parking lot.

When Sheehan had finished loading the debris into the dump truck, he backed the backhoe down the alley, then pulled it forward onto plaintiffs' parking lot. As he did so, the asphalt beneath the backhoe's left rear tire gave way causing the rear portion of the backhoe's tractor to sink into the ground up to the left rear wheel housing.

The hole the backhoe's tire created extended "three foot or more into [plaintiffs'] yard and slightly into the alleyway", and was "at least four or five foot" deep. Sheehan was able to hoist the tractor out of the hole by using the backhoe's front bucket as a jack. In Sheehan's words, he

> ...set the bucket on the ground so the curved part would be on the asphalt ..., and ... hoisted the tractor up in the air; just put down pressure on the hoists, picked the back of the tractor up in the air out of the hole, then scooted the tractor over with the bucket and set it down on the pavement out of the hole so both tires were back on the asphalt again.

The point at which Sheehan dropped the bucket to use it as a jack was well within plaintiffs' property line and only a few feet from a sewage vent. The vent pipe was made of clay tile and ran vertically from the underground sewer line to ground level where it was capped with a grate. The force of the bucket's hoisting action crushed this vent pipe and "all the pieces"

fell into the trap that joined the pipe to the sewer line. Plaintiffs had not given defendant permission to drive its backhoe onto their property.

Within a month sewage began to back up into plaintiffs' basement. Plaintiffs hired a plumber who repaired the vent pipe and part of the sewer line, which alleviated the problem somewhat. Plaintiffs' basement, however, suffered the deteriorating effects of standing sewage, and the ground around the vent pipe continues to subside. An appraiser testified that these circumstances diminished the value of plaintiffs' home by about $9200.00.

■ Trespass is the unauthorized entry by a person upon the land of another, regardless of the degree of force used, even if no damage is done, or the injury is slight. *Mawson v. Vess Beverage Co.*, 173 S.W.2d 606, 612 (Mo.App.1943). Plainly, plaintiffs' evidence, if believed, establishes that defendant trespassed on plaintiffs' land. Defendant, however, has persuaded the circuit court that the pertinent issue is not whether defendant trespassed on plaintiffs' land but whether defendant trespassed on plaintiffs' sewer line. Citing *Cover v. Phillips Pipe Line Company*, 454 S.W.2d 507 (Mo.1970), defendant asserts one cannot be held liable in trespass for damage to a pipeline unless it is established he knew or should have known of the pipeline's existence and location. *Cover*, however, dealt with one who was lawfully on the land when he struck an underground pipeline with a bulldozer. The jury in the present case has determined defendant was not lawfully on plaintiffs' land when its employee damaged plaintiffs' sewer line. *Cover*, therefore, is factually inapposite.

The circuit court, however, was also persuaded by defendant's alternative argument that even if trespass lies for its entry on plaintiffs' land, the damage to plaintiffs' sewer line and basement can only be viewed as a remote consequence of the trespass. The argument is specious.

■■■ A trespasser is liable for all damages proximately caused by his trespass, whether or not he acted in good faith and with reasonable care, or whether he acted in ignorance of plaintiff's rights, or under mistake of fact or law. 87 C.J.S. "Trespass", § 5, p. 960; *Baker v. Newcomb,* 621 S.W.2d 535, 537 (Mo.App.1981). The question of proximate cause is for the jury and may be shown by circumstantial evidence. *Curtis v. Fruin–Colnon Contracting Co.,* 253 S.W.2d 158, 161 (Mo.1952). We believe the evidence adduced at trial was sufficient to support the jury's determination that defendant's trespassorial act of driving a backhoe into plaintiffs' property was the first in a chain of events that naturally, necessarily, and directly culminated in damage to plaintiffs' sewer line and basement. A trespasser is liable to respond in damages for the natural, necessary, direct, and proximate consequences of his wrong. *Curtis,* supra; *Bouillon v. Laclede Gaslight Co.,* 148 Mo.App. 462, 129 S.W. 401, 403 (1910). Accordingly, we hold the grant of judgment n.o.v. in this case was error.

The circuit court granted defendant's motion for new trial on the grounds it cited as support for judgment n.o.v., viz, that plaintiffs failed to make a submissible case of trespass and damages. We have rejected these grounds as support for judgment n.o. v. and reject them as grounds for a new trial for the same reasons. The circuit court, however, has articulated several alternative grounds for granting defendant a new trial. We must consider each and affirm if we find any one of them valid. *Harris v. Washington,* 654 S.W.2d 303, 306 (Mo.App.1983).

The first alternative ground was that Instruction 6 incorrectly stated the manner in which damages were to be determined upon a finding of liability. The issue of damages was submitted to the jury on MAI 4.02, which reads:

> If you find in favor of plaintiff, then you must award plaintiff such sum as you may find from the evidence to be the difference between the fair market value [of plaintiffs' property] before it was damaged, plus such sum as you may find from the evidence will fairly and justly

compensate plaintiff for the loss of use thereof during the time reasonably necessary for the property to be repaired or replaced.

Defendant asserts, and the trial court agrees, this instruction was incorrect because the evidence adduced at trial showed that diminution in the property's fair market value exceeded the cost of repairing the damage defendant's trespass occasioned.

■■■ Though ordinarily the measure of damages to real estate is the difference in the value of the land before and after injury, where damaged land, or a building thereon, can be restored to its former condition at a cost less than the diminution in value, the cost of restoration is the proper measure of damages. *Curtis v. Fruin–Colnon Contracting Co.,* supra, 253 S.W. 2d 158, 164 (Mo.1952). However, nothing in the record before us warrants the conclusion that the cost of restoring plaintiffs' property to its pre-trespass state would be significantly less than the difference in the property's fair market value before and after the trespass.

At trial, a general contractor testified he would have charged plaintiffs roughly $5600.00 to repair the damage to their basement and the sewer line within ten feet of the house. That bid, however, did not include the cost of repairing other damage occasioned by defendant's trespass. As another witness, a real estate appraiser, observed, the "...bid only encompasses ... something to the extent of about ten feet from the house. The depressions in the rear of the yard vary, but are somewhere approximately sixty to seventy feet from the house, so that bid will be low." No evidence of the cost of correcting the problem that caused depressions in the asphalt "sixty or seventy feet from the house" was adduced.

■■■ When the circuit court grants a new trial on grounds of instructional error and the party aggrieved appeals, the circuit court's action is reviewed as a question of law upon the record presented. *Kindle v. Keene,* 676 S.W.2d 82, 83 (Mo.App.1984). The record before us does not support the inference that the cost of restoring plaintiffs' property to its pre-trespass state is

significantly less than the dimunition in value occasioned by the trespass. The issue of damages was therefore properly submitted on MAI 4.02.

■ The jury awarded plaintiffs $10,-000.00 actual damages. Defendant has persuaded the circuit court, however, that because the evidence at best supports a finding of only $9200.00 dimunition in value, the award is excessive. We disagree.

MAI 4.02, as submitted, allowed the jury to award plaintiffs damages for loss of use. Plaintiffs' testimony that their basement was for a time flooded with sewage that damaged not only the structure itself but the appliances it housed was solid, credible evidence from which a reasonable jury could have inferred loss of use. An $800.00 award for this loss can hardly be deemed excessive compensation.

Defendant has also convinced the circuit court that testimony regarding repair estimates made by a general contractor in 1985 and 1983 was erroneously admitted to defendant's prejudice. The contractor testified that the cost of repairing plaintiffs' basement and the sewer line within 10 feet of the house would have been $5610.00 in 1985, $4675.00 in 1983, and some correspondingly lesser figure in 1980. The contractor attributed the "difference in those bids" to the rise in "machine time rates" and "labor costs". Defendant has persuaded the circuit court that admission of this testimony improperly allowed the jury to speculate as to what it would have cost plaintiffs to repair their basement and sewer line in 1980, when the trespass occurred.

■ If cost of repairs were the appropriate measure of damages in this case, we might find the gaps in the challenged testimony vexing. We have already determined, however, that damages in this case were properly measured by dimunition in value, not cost of repair. We therefore find that though its deficiencies render it perhaps only marginally relevant, the challenged testimony was properly received for whatever light it may have shed on diminution in value. See *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 801 (Mo.App.1975).

We now turn to consider the final ground the circuit court cites as support for its new trial order, which is that the issue of punitive damages should not have been submitted to the jury. Though punitive damages were not awarded, defendant asserts mere submission of the issue "made it more difficult to defend against actual damages, both in terms of liability and the amount of damages".

■ Punitive damages may be awarded upon a finding of trespass if the evidence shows the trespass was malicious, willful, intentional, or reckless. See *Beetschen v. Shell Pipe Line Corp.*, 248 S.W.2d 66, 73 (Mo.App.1952), affirmed 253 S.W.2d 785 (Mo.1952). The evidence, however, need not support a finding of actual malice, which is commonly defined as ill-will, spite, or hostility. *Hyre v. Becker*, 18 S.W.2d 137, 140 (Mo.App.1929). A showing of legal malice, or malice in law will suffice. *Id.* An act is committed with legal malice, or malice in law, if it is done intentionally, without just cause or excuse. *Sanders v. Daniel Intern. Corp.*, 682 S.W.2d 803, 808 (Mo. banc 1984); *Wolford v. United States Leasing Corp.*, 692 S.W.2d 383, 385 (Mo. App.1985).

■ Plaintiffs testified that on a number of occasions before the trespass in question they had asked defendant's employees to keep defendant's equipment off their property. They also testified that they never gave defendant permission to drive its backhoe onto their property. This evidence coupled with Gary Sheehan's testimony that he knew plaintiffs' backlot was private property, was certainly sufficient to support a finding that defendant's trespass was without just cause or excuse, and was thus sufficient to support an award of punitive damages.

The judgment of the trial court is reversed, and the case is remanded with directions to reinstate the jury's verdict.

GARY M. GAERTNER, P.J., and SIMON, J., concur.