**HAMILTON HAULING, INC.,**
and Warren G. Hamilton,
Respondents,

v.

**AVENUE AUTO WRECKING, INC. and
Duren "Skip" Sleyster, Appellants.**

No. WD 48926.

Missouri Court of Appeals,
Western District.

Sept. 13, 1994.

Bernard J. Rhodes, Tonya O. Johnston, Kansas City, for appellants.

John R. Shank, Jr., Kansas City, for respondents.

Before ELLIS, P.J., and BERREY and SMART, JJ.

BERREY, Judge.

Appellants, Avenue Auto Wrecking, Inc. and Duren "Skip" Sleyster, appeal the trial court's order granting respondents' motion for summary judgment on the issue of liability, on the trespass claim, and respondents' motion for partial summary judgment dismissing appellants' counterclaims of trespass, permanent injunction, and quiet title.

The facts are gleaned from the 370 page legal file which included depositions of Hamilton and Sleyster, together with numerous exhibits and affidavits. Hamilton brought suit in Circuit Court and Associate Circuit Court in 1988 against Sleyster seeking to evict and eject appellants from a certain tract of land in eastern Kansas City. These cases were consolidated and captioned *Hamilton Hauling, Inc. v. Duren "Skip" Sleyster*, CV88–11616 and CV88–12056.

Hamilton purchased real estate located generally at 2701 Manchester on October 9, 1987. The tract of 196 acres, included a strip of ground that was west of Manchester Trafficway and east of the Kansas City Southern main line, and was bisected by the Callaway Railroad spur. See Appendix.

At the non-jury trial (in 1988) Sleyster claimed possession of that portion of the property north of the Callaway spur and between Manchester and the Kansas City Southern main line by adverse possession. The property "north of the Callaway Railroad Spur had been fenced, occupied and utilized exclusively by Avenue Auto Wrecking, Inc ..." Subsequently, the trial court found Sleyster had proven "adverse possession of the northern portion of the property in dispute." The trial court ordered Sleyster to vacate the "south property located west of Manchester Trafficway and south of the Callaway Railroad spur."

Subsequently, respondents filed suit against appellants in 1992 for trespass on property that had not been awarded to appellants by the 1989 judgment. Appellants counterclaimed alleging respondents breached a settlement agreement and that respondents trespassed on appellants' property. Appellants sought a permanent injunction against respondents enjoining them from trespassing on appellants' property and a court order quieting title in the disputed area.

Appellant Sleyster acknowledged he "placed or caused to be placed" cement blocks, south of the fence and north of the tracks, on the railroad right-of-way. Appellants did this to keep vehicles from driving along the north side of the tracks and south side of the fence. Respondents claim the fence on the south line of appellants' property defines its southern edge.

In the sole point relied on, appellants claim the trial court erred in granting respondents summary judgment on the claim for trespass and against appellants on the counterclaim of trespass, permanent injunction, and quiet title because respondents had no possessory interest in the land between the north edge of the right-of-way of the Callaway Railroad spur and the track itself. We will attempt to resolve on whose property do the concrete blocks repose.

■ In reviewing a summary judgment, we scrutinize the entire record in the light most favorable to the party against whom the motion was filed, and the summary judgment was entered, granting to that party all reasonable inferences that may be drawn from the evidence. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

■ The non-movant is accorded the benefit of all reasonable inferences in the record. *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993). Essentially, we review de novo. We use the same criteria as the trial court in determining the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Construction Co.,* 413 S.W.2d 167, 169 (Mo.1967).

Rule 74.04 permits the trial court to grant a summary judgment when there is no genuine issue as to the material facts required to support the judgment. Rule 74.04(c).

The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. Summary judgment tests simply for the existence, not the extent, of these genuine disputes. *Therefore, where the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper.* (emphasis added). *ITT,* 854 S.W.2d at 378.

■ Trespass is the unauthorized entry upon the property of another. *Crook v. Sheehan Enterprises, Inc.,* 740 S.W.2d 333, 335 (Mo.App.1987). Trespass challenges the right to possession of property. *Hawkins v. Burlington Northern, Inc.,* 514 S.W.2d 593, 601 (Mo. banc 1974).

■ In the prior case, between Hamilton and Sleyster, Judge Hanna found that:

[Sleyster] did not establish that the relevant portion of the property lying directly south of the Callaway Railroad Spur had been *fenced* and occupied exclusively by Avenue Auto Wrecking, Inc. for a period of time in excess of 10 years in an open, continuous, exclusive, adverse and notorious manner. (emphasis added).

Judge Hanna concluded as a matter of law that "[Sleyster] has failed to establish by a preponderance of the evidence adverse possession in the south portion of the disputed tract" and ordered Sleyster to "vacate the premises herein identified and referenced as the south property."

Respondent, Hamilton Hauling, Inc., had record title to the property as evidenced by the Corporation Warranty Deed dated October 9, 1987. Respondent's ownership of the property is subject to various easements and appellants' claim to the portion of the property under color of Judge Hanna's prior ruling of adverse possession.

From the record, we cannot determine who owns the land on which the railroad has

the right-of-way. If respondents own the servient tenement underlying the railroad easement, it appears there would be a legitimate claim against Sleyster, as Sleyster admitted to having placed the concrete blocks on the railroad right-of-way. If Sleyster does not own the right-of-way, he essentially admitted to having trespassed upon the property. If, however, Sleyster must be considered the owner of the underlying tenement, as a result of Judge Hanna's 1988 order, or the railroad owns more than a mere ease-

ment, we conclude that respondents cannot be successful in the current action.

The trial court improperly concluded that there was no genuine issue of material fact and erred in granting respondents' motions for summary judgment. The issue was not resolved by the earlier referred to lawsuit. The case is reversed and remanded for further proceedings consistent with this decision.

All concur.

APPENDIX