**Marie A. MOORE, Plaintiff–Appellant, Cross–Respondent,**

v.

**Robert DUDLEY and Joanne Dudley, his wife, Defendants–Respondents, Cross–Appellants.**

No. 66406, 66425.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 11, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Albert C. Lowes, Lowes & Drusch, David J. Roth, Cape Girardeau, for appellant.

Stephen E. Strom, Finch, Bradshaw, Storm & Steele, L.C., Cape Girardeau, for respondents.

KAROHL, Presiding Judge.

Marie A. Moore appeals a bench trial decree awarding quiet title of a 17 acre parcel to Robert and Joanne Dudley. Count I of Moore's petition requested a declaratory judgment for quiet title. Count II sought injunctive relief and damages for trespass. The Dudleys denied the adverse possession claim. They requested a quiet title decree for themselves and asserted a counterclaim for injunctive relief as well as compensatory and punitive damages for trespass.

The trial court ordered injunctive relief for the Dudleys. It restrained Moore, her agents, employees, representatives and any other persons acting in her behalf or in concert and participation with her from entering the property. However, it found the Dudleys failed to sustain their burden of proof as to the counterclaim for trespass and awarded no damages.

The property in dispute consists of 17 acres covered in hills and woods. There are no buildings or houses nearby. In approximately 1979, Marie Moore and her husband put up "No Trespassing" and "Keep Out" signs, cleared underbrush, blazed and painted trees along an old fence line, and graded two or three rough roads into the property. In addition, they hunted, rode horses, and drove vehicles on the property.

Maintenance of the signs and markings and activity on the property continued until the time of the trial. Edith Jones Smith claimed ownership of the property in 1979 when the Moores first entered the land in order to assert adverse possession. She died in 1990 and the property was sold by her heirs to the Dudleys in April of 1993. The Moores never contacted Smith, her heirs, or the Dudleys about their claim to the 17 acres. They never reported to the tax authorities that they claimed it or paid any taxes on it.

They never raised crops or cattle and they never fenced the land.

The Moores and the Smiths experienced past conflicts and disputes over land. The Moore's obtained a court decree in 1980 which granted them title to 15 acres adjacent to the Moore's property and adjoining the 17 acres now in dispute. This decision followed a 1978 shooting match on or near the property in dispute between Greg Moore (son of Marie Moore) and Carson Smith (husband of Edith Smith) which resulted in both of their deaths. In addition, Marie Moore's husband was murdered in 1991 and his truck was found on the disputed property.

■ The doctrine of adverse possession requires a claimant to prove by a preponderance of the evidence that the possession is: (1) hostile, *and under a claim of right;* (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years. *Vecchiotti v. Tegethoff,* 745 S.W.2d 741, 743 (Mo.App.1987). (Our emphasis.)

■ In reviewing a court-tried case, we will sustain the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court found the Moores posted signs, blazed and painted trees, cleared underbrush, graded rough roads, hunted, rode horses, and drove vehicles on the property. Open and notorious possession is required to give the owner actual or constructive notice of the claim. *Long v. Lackawanna Coal & Iron Co.,* 233 Mo. 713, 136 S.W. 673, 680–681 (1911); *Porter v. Posey,* 592 S.W.2d 844, 849 (Mo.App.1979). The court found there were no buildings or houses near the property, the Moores never raised crops or cattle on the land. They never claimed or paid taxes on the land, nor did they fence the property. Family members and some family friends knew about the claim, but Moore did not contact Smith or the Dudleys. She offered no other evidence of notice to the public concerning her claim.

■ In addition, the disputed land was covered in woods and hills and no extensive clearing or development of the land ever occurred. The trial court's interpretation of open and notorious may take into account the rough and wooded nature of the land. *Teson v. Vasquez,* 561 S.W.2d 119, 125 (Mo.App. 1977). The trial court had sufficient evidence to conclude the possession was not open and notorious to the extent necessary to establish adverse possession.

■ The Dudleys' response brief included a claim the trial court's decision was also proper because Moore's possession was not under a claim of right. Moore testified she and her husband believed the property was "blood land" and they entered the land with the express purpose of claiming it by adverse possession. She admitted she had no deed, court order, gift, oral conveyance, or inheritance right to the property. She denied any knowledge of Smith's ownership, but admitted she was aware Smith had an "open deed" on the property following the 1980 lawsuit over the adjoining 15 acres. Moore admitted she was not the true owner of the property until an adverse possession claim could be completed. She asserted she was a "squatter" but her own testimony that she entered the land without the permission of the owner defines her as a trespasser. *Crook v. Sheehan Enterprises Inc.,* 740 S.W.2d 333 (Mo. App.1987).

■ In addition to concluding the adverse possession was not open and notorious, the trial court found the Moores entered the 17 acres without the permission of the true owner and "knew that Edith Smith claimed the land during her life and her children claimed likewise after her death." The hostile possession of land in an adverse possession claim must be under a claim of right. *Long,* 136 S.W. at 678; *Krell v. Davidson,* 694 S.W.2d 774 (Mo.App.1985). Moore admitted she had no claim of ownership or title. Her mere possession of the land without a claim of title will not transfer title to her by adverse possession. *John v. Turner,* 542 S.W.2d 293, 300 (Mo.App.1976). The quiet title judgment of the trial court was correct regardless of whether or not the evidence would have supported a finding of open and notorious possession. Point denied.

The Dudleys' third point claims the trial court erred in finding they failed to sustain their burden of proof in their counterclaim for trespass. The trial court concluded "There is reasonable cause to believe that Plaintiff [Moore] and persons on her behalf may continue to trespass upon the 17 acres." It entered an injunction against any trespass on the land in the future. Moore admitted the trespass when she testified she was not the owner and acknowledged Smith had a claim on the property. A trespasser is liable for damages for the natural, necessary, direct, and proximate consequences of his wrongful act. *Crook*, 740 S.W.2d at 336. Punitive damages may be awarded if the evidence shows the trespass was malicious, willful, intentional, or reckless. *Id.* at 337. The Dudleys presented actual damages, including removal of signs and blocking of the roads into the property. Evidence of intentional and malicious trespass was also presented. Therefore, we remand the trespass counterclaim and the determination of court costs for re-consideration by the trial court. Costs of this appeal are assessed against Appellant, Marie A. Moore.

AHRENS and DOWD, JJ., concur.