C.F.S., Plaintiff/Appellant,

v.

David J. MAHAN, Superintendent of Schools of the City of St. Louis, and The Board of Education of the City of St. Louis, Defendants/Respondents.

No. 69714.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 26, 1996.

Hugh R. Law & David Arthur, Lowenhaupt & Chasnoff, L.L.C., St. Louis, for Plaintiff/Appellant.

Kenneth C. Brostron, James C. Hetlage & Michael W. Roskiewicz, Lashly & Baer, P.C., St. Louis, for Defendants/Respondents.

CHARLES B. BLACKMAR, Senior Judge.

The appellant has held positions as a teacher and wrestling coach in several schools in the St. Louis metropolitan area and elsewhere, over a period of years. On July 21, 1993, while he was employed by the Ferguson–Florissant School District he was arrested on charges of indecent exposure. Depositions of the arresting officers show that he was seen massaging his penis in the men's room of a public facility after which he proceeded to his car, where he exposed his genitals, motioned a man who turned out to be an undercover officer to join him, and made a remark suggesting anal intercourse. On October 29, 1993, he tendered his resignation from his teaching position for "personal reasons." The charge against him was disposed of on March 17, 1994, by a plea of guilty to a misdemeanor charge of disturbing the peace. A fine was assessed and paid.

In August of 1994, the appellant had an interview with William Baldwin, principal of Vashon high school in the City of St. Louis about possible employment at that school. He testified that he advised Baldwin of the charge of indecent exposure and of the guilty plea. He then received an application for employment with the Board of Education of the City of St. Louis (hereinafter Board), which he completed and returned. He paid a fee for a record check by the Missouri State Highway Patrol. He said that he did not recall being asked in the application about previous convictions, but asserted that he completed all answers truthfully and would have disclosed convictions if asked. His application was not received in evidence at the subsequent hearing. On August 31, 1994, he executed a probationary teaching contract for the 1994–95 school year, beginning September 1, 1994.

On December 19, 1994, an assistant superintendent advised the appellant by letter that he was being suspended without pay, for assigned reasons as follows:

> You violated Board ... Regulation R4840(1) Convictions (attached hereto and made a part of this charge) which provides for disciplinary action, including dismissal, for conviction for a felony or misdemeanor or a guilty plea to a felony or misdemeanor charge.... On July 21, 1993, you were charged with indecent exposure by the St. Louis County Drug Enforcement Department. This charge was reduced to peace disturbance, a misdemeanor, on March 17, 1994, and you pleaded guilty to this charge and were fined $500.00 plus court costs. Under Board ... Regulation R4840, Code of Ethics and Conduct, this constitutes conduct of such a nature as to bring discredit upon the school system.

The regulation relied on reads in pertinent part as follows:

> All employees are expected to conduct themselves in a professional manner that facilitates good order and brings credit to the St. Louis Public Schools System. All disorders and neglects to the prejudice of good order and discipline in the school system and all conduct of such a nature as to bring discredit upon the school system shall be considered conduct that subjects an employee to disciplinary action, including dismissal.

> Such conduct includes but is not limited to the following areas:

> I.  CONVICTIONS

> Conviction for a felony or misdemeanor or a guilty plea to a felony or misdemeanor charge....

The letter advised the appellant of a right to a hearing, with attendant rights to be represented by counsel, to present evidence, and to cross examine opposing witnesses. The appellant made a timely request for a hearing, which was held on February 22, 1995. He was present with counsel of his own choosing.

At the hearing, the Board presented the testimony of Samuel Miller, director of security services for the St. Louis Public Schools, who testified that, during the month of February 1994, he was asked to do a background check on the appellant and that he received a report about a week later. He did not explain how he happened to request the report before the appellant was employed by the City of St. Louis schools. The letter contained in the legal file is dated October 5, 1994. The Board introduced some exhibits without objection, including a transcript of the conviction, and rested its case.

The appellant then presented several witnesses who testified as to his good character and his ability as a wrestling coach. He also introduced the depositions of the arresting officers into evidence. He admitted the charge and conviction, and testified that he had advised Principal Baldwin about them. The Board, on March 7, 1995, voted to terminate the appellant's employment.

He then filed a two count petition in the court below, seeking in Count I a review of the proceedings before the Board and in Count II an action at law for breach of contract. A motion for summary judgment was overruled, after which the appellant moved to transfer the case to the "law side" of the court, presumably for trial by jury. The court overruled this motion and entered judgment for the respondents. This appeal followed.

■ The appellant argues that the Board had no authority to conduct a termination hearing for a probationary teacher, inasmuch as the sole statutory section authorizing such hearings, § 168.281, RSMo 1994, deals only with tenured teachers. It follows, he says, that the proceeding before the Board was not a "contested case" as defined in the administrative procedure statute, § 536.010(2), RSMo 1994, because the hearing was not

"required by law" and that review in the circuit court is *de novo* rather than on the record made before the Board.

■ We do not agree. The appellant requested and participated in the proffered hearing, and it would be quite in order to hold him to his election to rest his case with the Board. Some procedural due process, furthermore, was authorized "by law" under the holding of *Valter v. Orchard Farm School District*, 541 S.W.2d 550 (Mo.1976), because appellant had a property right in his employment for the school year. The appellant does not claim any right beyond the one-year period because he does not have tenure. A school board is entitled to hold a termination hearing even though there is no explicit statutory requirement. *Id.* at 557. We, therefore, conclude that the Board did not exceed its authority by conducting a contested termination hearing.

■ The appellant next argues that Regulation R4840 applies only to conduct of teachers during the term of employment, and cannot be applied to conduct taking place before the teacher was hired. The respondents argue that this point has been waived because it was not presented to the Board. We do not agree. The notice of suspension showed on its face that the arrest and the conviction on a guilty plea took place before the appellant was hired. There are no formal pleadings. The question of applicability of the regulation was inherent in the charges.

■ The respondents argue that the Board has discretion in the construction and interpretation of its regulations. We are not convinced, and the cases cited do not support the claim. There is indeed discretion in the application of regulations and in determining appropriate sanctions for violation, but regulations are drafted for the guidance of those affected by them and should be construed as other legal writings are.

■ In determining whether to terminate a probationary teacher during the school year, however, the Board is not limited by its regulations. The reasoning of *Birdwell v. Hazelwood School Dist.*, 491 F.2d 490 (8th Cir.1974) is persuasive. That case

holds that § 168.126, RSMo 1994, dealing with the termination of probationary teachers, does not list all the situations in which termination might be in order, and that there is inherent authority to terminate a probationary teacher for cause. *Id.* at 495–496. Section 168.126 deals with deficiencies in teaching method, which well might be corrected after warnings and counseling. Regulation R4840 likewise is not exclusive. It provides advice to active teachers as to what is expected of them. It is difficult in statutes and regulations to foresee the varying situations which might be presented which might require action. The paramount interest is the welfare of the students, and the authority of the Board should not be confined to such an extent that there may be no remedy for a situation having serious negative potential. We conclude that good cause for termination may be found in conduct of a teacher before being hired. There is no unfairness to the appellant in this holding because, in the hearing before the Board, he effectively admitted the details of the complaint against him and sought to demonstrate that he could be a valuable addition to the faculty. He thereby joined issue on the question of his fitness as a teacher.

When reviewing an administrative decision the question is whether the board or tribunal acted within its authority and reached a conclusion supported by evidence and law. A court does not substitute its judgment for the judgment of an administrative agency acting within its powers. *Hacienda Enterprises No. 2, Inc. v. Smarr*, 841 S.W.2d 807, 809 (Mo.App. E.D.1992); *Conder v. Board of Directors of Windsor School*, 567 S.W.2d 377, 379 (Mo.App.1978). The Board, then, could explore both the charges to which the appellant pleaded guilty and the testimony of the police officers as to the details. It could conclude that a person who behaved as the appellant did, within a recent time frame, is unsuitable to serve as a teacher and coach in the school system. There is concern, which is not unreasonable, about the possibility of similar conduct involving pupils. The judgment call is for the Board to make.

The appellant points to his uncontradicted testimony that he reported the arrest and the plea to the principal who interviewed him. Under § 168.126, however, the Board, rather than the principal, is the employing authority for probationary teachers. *See Smith v. Consolidated School Dist. No. 2*, 408 S.W.2d 50, 54 (Mo.banc 1966) (superintendent does not employ, but only recommends to school district regarding employment). There is no evidence that the principal made a report to the Board about the information provided to him. The Board and its functionaries should have been more diligent in locating information readily available about the appellant before hiring him, but it is entitled to act on information subsequently learned and to balance the several factors involved in determining the seriousness of the situation. The appellant has not established a claim in the nature of estoppel.

The Board's action is supported by substantial evidence on the record, and we will not disturb the decision.

Inasmuch as the Board had authority to hold the hearing which the appellant requested, he is confined to his administrative remedies and may not maintain a separate action at law for alleged wrongful discharge.

The judgment is affirmed.

AHRENS, C.J., and CRANDALL, J., concur.