Rick SMITH, Appellant,

v.

KING CITY SCHOOL DISTRICT R–1 OF GENTRY COUNTY, Missouri, Bronco Brown, Larry Heintz, Steve Rainey, Dave Parsons, John Derks, Ron Willis and Gregg Staley, Respondent.

No. WD 55387.

Missouri Court of Appeals, Western District.

Sept. 8, 1998.

Motion for Transfer to Supreme Court Denied Oct. 27, 1998.

against the individual school board members.

We find that Section 168.126(2) specifically states that it does not give rise to any cause of action not otherwise recognized under Missouri law so long as the Board issues a letter explaining its reasons for termination in good faith and without malice and so long as it does not violate the other provisions of the act. Mr. Smith's claim that the Board failed to adequately investigate the allegations against him prior to termination does not allege malice or lack of good faith, but rather negligence in the investigation, and hence does not provide a basis for suit. The Board also complied with the other requirements of Section 168.126(2) in issuing its letter and in terminating Mr. Smith's probationary teacher's contract. For these reasons, his claims were property dismissed. Affirmed.

Roger Martin Prokes, Maryville, MO, for Appellant.

Melanie Gurley Keeney, St. Louis, MO, for Respondent.

Before Presiding Judge RIEDERER, Judge LOWENSTEIN and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, J.

Plaintiff–Appellant Rick Smith appeals the trial court's dismissal of his suit against the Respondent, King City School District R–1 of Gentry County, Missouri (hereinafter "the School District"). Mr. Smith argues the trial court erred in dismissing his claim for damages under Section 168.126(2), RSMo1994, because the School District failed to act in good faith and without malice in issuing him a letter stating the reasons why it chose not to renew his probationary teaching contract, in that it failed to conduct a good faith investigation of the events and allegations that led to the non-renewal of his contract. He also asserts the trial court erred in dismissing his claim for punitive damages

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the Spring of 1997, the King City School District voted not to renew Mr. Smith's probationary teacher's contract after receiving information from a member of the community that Mr. Smith had, allegedly, sexually molested two boys several years before his employment with the School District. On April 3, 1997, the School District informed Mr. Smith it was not renewing his teaching contract for the following school year and he was placed on administrative leave, with full pay and benefits, for the remainder of his 1996–97 school year contract.

Mr. Smith's attorney immediately requested a written statement of the reasons for the non-renewal of his probationary teacher's contract. On April 4, 1997, the School District therefore issued a letter detailing the reasons for the non-renewal. The letter stated:

"Mr. Gerald Osborn, a resident of DeKalb County, MO., approached board member Steve Rainy that you had sexu-

ally molested his two sons a number of years ago at their grandfathers farm in Stanberry, MO. Mr. Osborn later related this same information to the board President, Larry Heintz. The board president then informed the superintendent and the high school principal of Mr. Osborns allegations. The administration then met with Mr. Osborn on several occasions. Other board members were then informed of the allegations.

At the board meeting of March 17, 1997 the motion to renew your probationary teaching contract was defeated."

Subsequently, Mr. Smith filed a petition claiming that Section 168.126(2), RSMo1994, governed his rights, and that the School District violated that provision because it did not issue the letter in good faith without malice in that it had failed to investigate the truth of the allegations against him prior to deciding not to renew his probationary teaching contract. Mr. Smith sought actual and punitive damages and reinstatement in his former position as a teacher for the School District.

The School District filed a Motion to Dismiss the petition for failure to state a claim upon which relief could be granted. The Circuit Court entered a judgment on January 20, 1998, dismissing Mr. Smith's petition. Mr. Smith now appeals.

## II. STANDARD OF REVIEW

When reviewing the trial court's grant of a motion to dismiss, we treat all facts pleaded in the petition as true and give the non-moving party the benefit of all reasonable inferences. *Leeser Trucking, Inc. v. Pac–A–Way, Inc.*, 914 S.W.2d 40, 42 (Mo.App.1996); *Evergreen Nat'l Corp. v. Killian Constr. Co.*, 876 S.W.2d 633, 635 (Mo.App.1994). Where the trial court does not state a basis for its dismissal, we presume that dismissal was based on the grounds stated in the motion to dismiss and will affirm if dismissal was appropriate on any ground stated in the motion to dismiss. *Shaver v. Shaver*, 913 S.W.2d 443, 444 (Mo.App.1996).

## III. LEGAL ANALYSIS

Mr. Smith's Petition requested reinstatement, as well as actual and punitive damages, because the School District violated Section 168.126(2) in dismissing him without a good faith investigation into the merits of the allegations against him. Section 168.126(2) provides:

"On or before the fifteenth day of April in each school year, the board of education shall notify in writing a probationary teacher who will not be retained by the school district of the termination of his employment. Upon request, the notice shall contain a concise statement of the reason or reasons the employment of the probationary teacher is being terminated. *Nothing contained in this section shall give rise to a cause of action not currently cognizant at law by a probationary teacher for any reason given in said writing so long as the board issues the letter in good faith without malice, but an action for actual damages may be maintained by any person for the deprivation of a right conferred by this act.*"

§ 168.126(2), RSMo1994 (emphasis added).

Section 168.126(2) thus provides that the Board shall, upon request, give the terminated teacher a letter stating the reasons for dismissal, and specifically states that the content of the letter *will not* provide a basis for suit "so long as the board issues the letter in good faith without malice," except that the teacher may maintain "an action for actual damages" for the deprivation of a right conferred by the act. *Id.*

Mr. Smith does not claim that he has been deprived of a right conferred by the act, and indeed, it is without dispute that the School District notified Mr. Smith before April 15 that he would not be retained as a probationary teacher in the following year and that, upon his request and as required by the act, it sent him a letter setting forth the reasons his employment

was terminated. Mr. Smith does not suggest that the reasons the School District gave for not renewing his contract were not the true reasons the District determined not to renew the contract, nor does he deny that he received a timely, concise written statement of these reasons.

■ Rather, to support his claim for violation of Section 168.126(2), Mr. Smith alleges that the letter he received setting forth the reasons for termination of his employment was not issued in good faith without malice because the School District failed to adequately investigate the truth of the allegations before deciding not to renew his probationary contract. In effect, Mr. Smith is arguing that the allegations of sexual abuse are untrue and that, because of their defamatory nature, the Board had an obligation to investigate their accuracy before deciding not to renew his contract based on the allegations and before issuing him a letter stating that the allegations were the reasons his contract was not renewed.[1]

■ We reject these arguments. Mr. Smith was a probationary teacher. A probationary teacher has a property interest in employment only for the remainder of the school year for which he or she has a contract. *White v. Scott County School District No. R–V*, 503 S.W.2d 35 (Mo.App. 1973). A probationary, teacher has no right to renewal of his or her contract and no property interest in renewal arises. To the contrary, in Missouri, a school board may refuse to renew the contract of a non-tenured teacher for any reason or no reason, as long as the non-renewal is not based on some ground impermissible under the Constitution. *C.F.S. v. Mahan*, 934 S.W.2d 615 (Mo.App.1996); *St. Louis Teachers Union v. St. Louis Bd. of Ed.*, 666 S.W.2d 25 (Mo.App.1984) (citations omitted).

Therefore, the Board had a right not to renew Mr. Smith's contract for no reason at all. Certainly, then, it had a right to decide not to renew him when it heard allegations of sexual misconduct had been made against him. While Mr. Smith indicates that a letter stating termination based on these allegations has put him in a difficult position in finding a new teaching position, and while this difficulty might have been avoided if the Board had been willing to undertake a further investigation of the allegations and if the investigation had shown the allegations to be groundless, we are aware of no statutory or common law basis for requiring the Board to investigate these or other allegations of misconduct made against a probationary teacher prior to deciding not to renew the teacher's contract for the following year.

Indeed, if we required the Board to investigate these allegations before it could decide not to renew Mr. Smith's contract, then the same rationale would support requiring the Board to investigate allegations of bad teaching or lack of competency before deciding to terminate some other probationary teacher's contract. Yet, such a rule would largely eliminate the distinction between the process due prior to termination of a probationary versus a tenured teacher. In effect, we would be requiring the Board to determine

---

1. Mr. Smith also claims that the Board members are individually liable for their alleged act of issuing a letter which did not contain a concise statement of the reasons for dismissal issued in good faith without malice. As discussed in the remainder of this opinion, Mr. Smith has failed to assert a basis for finding the letter was not issued in good faith without malice. Equally, he does not assert that the Board members had any knowledge not known to the Board as a whole, nor does he allege that the Board members acted in an individual capacity. Moreover, the express language of the statute provides that it is the Board of Education that has the obligation to give notice in good faith without malice, not individual Board members, and expressly states that no cause of action shall arise so long as the Board itself issues its letter in good faith and without malice. Nothing in the act provides for any duty on the party of individual Board members, nor does it provide a cause of action against them individually for any reason. Dismissal of Mr. Smith's allegations against the Board members is thus affirmed without further discussion.

whether there was cause to terminate. This would eviscerate the discretion given to the Board by Missouri law to terminate a probationary teacher in its discretion and without cause. For these reasons, we reject Mr. Smith's argument that the Board had a duty to investigate the truth of the allegations prior to determining not to renew his contract. The Board had a right to decide not to renew Mr. Smith's contract and to thereby avoid the cost and controversy involved in investigating the truth of the allegations against him, an investigation which it would have had to undertake before it could have renewed his contract.

Mr. Smith also complains that the Board had an obligation to conduct an investigation into the truth of the allegations before setting them forth in the letter notifying him of his termination, since it must have been aware that he would need to use the letter to explain why he left his employment with the School District. We find this allegation somewhat anomalous, since the Board's initial letter did not discuss the sexual misconduct allegations; it merely told Mr. Smith his contract was not going to be renewed. It was Mr. Smith's attorney who then requested that the Board issue a letter setting forth the reasons the Board chose not to renew Mr. Smith's contract. Upon receiving this request, Section 168.126(2) left the Board with no choice; it was required to send Mr. Smith a letter setting out the reasons for his termination. Had the Board failed

to accurately state the reasons for its decision, Section 168.126(2) would have given Mr. Smith the right to sue the Board for violation of the act. The Board thus sent Mr. Smith a letter stating that Mr. Smith was not renewed due to the allegations of sexual misconduct. This was, in fact, the reason he was not renewed. We fail to see how the Board could be sued for fulfilling its statutory duty in this regard, as it was specifically requested to do by Mr. Smith's attorney, unless, at the time it issued the letter, the Board knew that the allegations were, in fact, not true. Only in the latter type of case could a fact-finder determine that the Board was not acting in good faith without malice.

Here, however, there is no claim that the Board knew the allegations to be untrue. The claim is simply that the Board terminated his contract based solely on the allegations of misconduct, without conducting an investigation as to their truth. As stated above, the Board had the right to do so. To hold otherwise would be to impose on the Board a duty to investigate the truth of allegations as to the character or competence of probationary teachers, in contravention of the statutes giving the Board the discretion to terminate such teachers' contracts. No such duty exists at common law nor does it arise under the statute. In the absence of such a duty, the Board could not even be found to be negligent;[2] much less could we find it failed to act in good faith without malice.[3]

**2.** In Missouri, before one can be held liable to another for negligence, there must exist a duty to the individual complaining. *Doe "A" v. Special School Dist. of St. Louis County,* 637 F.Supp. 1138 (E.D.Mo.1986), *citing, Dix v. Motor Market, Inc.,* 540 S.W.2d 927, 932 (Mo.App.1976) (citations omitted). Therefore, in order for Mr. Smith to establish a claim for negligence, there must be a duty, imposed either by common law or statute, that the School District investigate the reasons for its non-renewal of probationary teaching contracts. However, as noted above, there is no common law duty here, and no such duty to investigate can be implied in Section 168.126(2). The requirement that the

School District issue the letter stating the reasons for non-renewal in good faith without malice is the only duty the statute provides.

**3.** A mere failure to investigate, even if negligent, does not provide a basis for a finding of bad faith or malice. *See generally, Crook v. Sheehan Enterprises, Inc.,* 740 S.W.2d 333, 337 (Mo.App.1987); *Burnett v. Griffith,* 769 S.W.2d 780, 788 (Mo.1989); *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998), *citing,* Restatement (Second) of Torts § 8A comment (intentional torts generally require that the actor intend the consequences of an act). The closest common law tort to the tort alleged by Mr.

For these reasons, we find that these allegations of failure to investigate cannot support a finding that the Board did not issue the letter in good faith without malice, for the Board had no duty to investigate in the first instance, and there is no evidence that it knew the allegations to be untrue at the time it voted not to renew Mr. Smith's contract, or at the time it sent him statutory notice of the reasons for non-renewal.

While our ruling does leave, Mr. Smith without a remedy against the Board or its members, it does not mean that he had no remedy at all. The Board acted based on allegations of sexual misconduct made to it by an individual. If the allegations were false, Mr. Smith could pursue a claim against this individual for defamation. If he proves that the allegations were made with malice, he may have a right to submit a claim for punitive damages as well. *See Carter v. Willert Home Products, Inc.,* 714 S.W.2d 506 (Mo. banc 1986); *Williams v. Pulitzer Broadcasting Co.,* 706 S.W.2d 508 (Mo.App.1986). We simply hold that Mr. Smith has failed to plead any facts that allow for relief against the Board under Section 168.126(2). Judgment affirmed.

RIEDERER, P.J. and LOWENSTEIN, J., concur.

---

Smith is defamation. In order to support a defamation claim, plaintiffs have sometimes alleged that a newspaper, for example, printed negative allegations against them without adequately investigating the truth of the allegations. The courts have held that such a failure to investigate can support a claim based on negligence or fault, but it cannot provide the proof of actual malice necessary to support a claim based on actual malice. *See, e.g., Wright v. Over–the–Road & City Transfer Drivers,* 945 S.W.2d 481, 497 (Mo. App.1997), and cases cited therein.